IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH MICHAEL CASSELLS,

    Petitioner,                      No. CIV S-08-2625 LKK EFB P

    vs.

MIKE KNOWLES,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action on the grounds that it is untimely and contains two unexhausted claims. Petitioner opposes the motion and requests that the action be stayed. For the reasons explained below, the court finds that the petition is untimely. The court therefore recommends that petitioner's motion to stay be denied and that respondent's motion to dismiss be granted.

////
////
////

---

[1] Kathleen Dickinson is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

This action is proceeding on the original petition filed October 28, 2008.[2] Dckt. No. 1. Petitioner challenges his 1998 conviction, entered pursuant to a plea of nolo contendere, to charges of multiple counts of robbery. *Id.* at 2; Resp.'s Mot. to Dism. ("Mot."), Docs. Lodged in Supp. Thereof ("Lodged Docs.") 1. He claims he received ineffective assistance of counsel, that his sentence violates California's determinate sentencing law and the holding of *Cunningham v. California*, 549 U.S. 270 (2007), and that it was illegal to enhance his sentence through use of a 1981 prior conviction that was obtained by plea bargain. Pet. at 5-6. Respondent contends the petition is barred by the statute of limitations.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

According to respondent, the statute of limitations began running under section 2244(d)(1)(A), the date upon which the judgment became final. Mot. at 3. The court agrees. Since petitioner did not appeal his March 2, 1998 conviction, the conviction became "final" on May 1, 1998, after the sixty-day period for filing a direct appeal with the California Court of Appeal expired. *See* Cal. R. Ct. 8.308 (formerly Rule 30.1).

---

[2] The court deems the filing date of the petition to be the date reflected on the certificate of service. *See Houstan v. Lack*, 487 U.S. 266, 276 (1988). *See also* Docket No. 2 at 2.

Petitioner appears to request a later start date for the statute of limitations based upon section 2244(d)(1)(D), "the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence." According to petitioner, it was not until 2007 that he discovered "that both the court and his attorney had allowed for the violation of his constitutional rights through an unauthorized and illegal sentence and a breach of contract and plea agreement; by misinterpretation and application of statutes, codes and laws." Pet'r's Opp'n to Mot. ("Opp'n") at 2-3. Petitioner further asserts that "late in 2008," he discovered he had legitimate claims. *Id.* at 4. Petitioner's conclusory arguments do not justify an alternate start date to the statute of limitations.[3] Petitioner was, or should have been aware of the factual predicate of his claims as of the date he was sentenced pursuant to his plea. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Here, the one-year statute of limitations ran from the date petitioner's conviction became final rather than from the date he discovered the legal consequences of his plea. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had until May 3, 1999 to file his federal petition.[4] Petitioner did not file the instant petition until October 28, 2008. Dckt. No. 1. Absent tolling, his application in this court is over nine years late.

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once a petitioner properly files a state post-

---

[3] Nor does petitioner's *Cunningham* claim entitle him to a later start date of the statute of limitations pursuant to section 2244(d)(1)(C), because the constitutional right recognized in *Cunningham* was not "newly recognized" by the Supreme Court. *See Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008).

[4] The limitations period expired Saturday, May 1, 1999. However, petitioner did not have to file until Monday, May 3, 1999. *See* Fed. R. Civ. P. 6(a)(1)(C).

conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). If the limitations period has run, however, it cannot be revived by a collateral action. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner filed five petitions for post-conviction relief in the state courts. Pet. at 2; Lodg. Docs. 2, 4, 6, 8, 10. The earliest of these petitions was filed on February 21, 2007. Lodg. Doc. 2. Because petitioner waited almost seven years after the federal statute of limitations period expired before filing his first state habeas petition, he is not entitled to statutory tolling. *See Jiminez*, 276 F.3d at 482.

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner asserts that he was prevented from raising claims sooner because of his ignorance and confusion about the law as a pro se litigant. Opp'n at 4-5. However, it is settled "that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Finally, petitioner cites to California law and argues that this court should proceed to the merits of his claims because a court may correct an illegal sentence at any time. Opp'n at 6-7. Assuming the argument is a correct statement of California law, "it does not in any way impugn the constitutionality of the [federal] one-year limitation period . . . ." *See Isabello v. Clark*, No. 1:08-cv-01597 TAG HC, 2008 U.S. Dist. LEXIS 99157, at *13-14 (E.D. Cal. Nov. 25, 2008).

4

Petitioner has not articulated grounds for equitable tolling, and given the clear time requirement set forth in § 2244(d)(1), petitioner's argument lacks merit.

Petitioner has not shown he is entitled to either statutory or equitable tolling. His petition must therefore be dismissed as untimely and the court need not address the issue of exhaustion. Furthermore, petitioner's request to stay this action must be denied, as it would be futile to stay an action that is barred by the statute of limitations.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's August 28, 2009 motion to dismiss be granted;

2. Petitioner's October 16, 2009 motion to stay be denied; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE